UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David Cartwright and Mitchell Diers as Trustees of the Duluth Building Trades Health Fund; Jason Quiggin and John Rodrigo as Trustees of the Iron Range Plumbers and Fitters Retirement Income Plan; Jason Quiggin and Scott Torvinen as Trustees of the Apprenticeship Training Fund; Pipe Trades Services of Minnesota, Inc.; and United Association of Plumbers & Pipefitters Local Union 589, | Court File No.: <br><br> **COMPLAINT** |
| Plaintiffs, | |
| vs. | |
| L and S Plumbing & Heating of Hibbing, Inc., | |
| Defendant. | |

## **JURISDICTION AND VENUE**

1. This is an action to enforce an employer's obligation to make contributions to multiemployer fringe benefit plans and to remit amounts due to a labor organization as required by a Collective Bargaining Agreement and for interest, liquidated damages, and reasonable attorneys' fees and costs of this action. The Court has jurisdiction over this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and § 1145, and under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). Venue is proper in this District under 29 U.S.C. § 1132(e)(2).

## **PARTIES**

2. The Duluth Building Trades Health Fund ("Health Fund") is a multiemployer employee benefit plan, as defined under Sections 3(3) and (37) of ERISA, 29 U.S.C. §§ 1002(3) and (37), that is administered by a joint board of trustees consisting of representatives of both labor and management. David Cartwright and Mitchell Diers are labor and management trustees,

1

respectively, that bring this action in their capacity as fiduciaries of the Health Fund as defined under Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The Health Fund is administered in Duluth, Minnesota.

3.      The Iron Range Plumbers and Fitters Retirement Income Plan ("Pension Plan") is a multiemployer employee benefit plan, as defined under Sections 3(3) and (37) of ERISA, 29 U.S.C. §§ 1002(3) and (37), that is administered by a joint board of trustees consisting of representatives of both labor and management.  Jason Quiggin and John Rodrigo are labor and management trustees, respectively, that bring this action in their capacity as fiduciaries of the Pension Plan as defined under Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The Pension Plan is administered in Duluth, Minnesota.

4.      The Apprenticeship Training Fund ("Apprenticeship Fund") is a multiemployer employee benefit plan, as defined under Sections 3(3) and (37) of ERISA, 29 U.S.C. §§ 1002(3) and (37), that is administered by a joint board of trustees consisting of representatives of both labor and management.  Jason Quiggin and Scott Torvinen are labor and management trustees, respectively, that bring this action in their capacity as fiduciaries of the Apprenticeship Fund as defined under Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The Apprenticeship Fund is administered in Duluth, Minnesota.

5.      Pipe Trades Services of Minnesota, Inc. ("Pipe Trades Services") is a Minnesota nonprofit corporation with a registered office address in White Bear Lake, Minnesota.  Pursuant to a written agreement, Pipe Trades Services has been assigned the right and responsibility for collecting fringe benefit contributions owed by employers to the Pipe Trades Services MN Pension Supplement Fund ("Annuity Fund").  The Annuity Fund is a multiemployer employee benefit plan as defined in Sections 3(3) and (37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

Pipe Trades Services is a fiduciary as defined in 29 U.S.C. § 1002(21) and is authorized to pursue this action under ERISA, 29 U.S.C. § 1132, on behalf of the Annuity Fund.

6. The United Association of Plumbers & Pipefitters Local Union 589 ("the Union") is a labor organization within the meaning of Section 2(5) of the Labor Management Relations Act, 29 U.S.C. § 152(5), with its principal place of business at 107 South 15th Avenue West, Virginia, Minnesota 55792.

7. Defendant L and S Plumbing & Heating of Hibbing, Inc. is a Minnesota corporation and its registered office address is 11496 Townline Road, Hibbing, Minnesota 55746. Defendant is an employer in an industry affecting commerce as defined in 29 U.S.C. §§ 152(2), (6) and (7), and 29 U.S.C. §§ 1002(5), (11) and (12).

## COUNT I

### DELINQUENT CONTRIBUTIONS – ERISA (29 U.S.C. § 1132 and § 1145)

8. At all relevant times, Defendant has been signatory to and bound by a Collective Bargaining Agreement ("CBA") with the Union that governs its bargaining unit employees' wages, benefits, and other terms and conditions of employment, including contributions to the Health Fund, Pension Plan, Pipe Trades Services (Annuity Fund), and Apprenticeship Fund (collectively referred to as the "Fringe Benefit Funds").

9. Pursuant to said CBA, Defendant was required to make contributions to the Fringe Benefit Funds on behalf of bargaining unit employees covered by the CBA. At all times material, Defendant employed employees to perform work for which the CBA required contributions to the Fringe Benefit Funds.

10. At all relevant times, Defendant was bound by the Trust Agreements establishing the Fringe Benefit Funds as well as Collection Policies governing the collection of delinquent

contributions. The Trust Agreements for the Fringe Benefit Funds provide them with the right to audit Defendant's books and records to determine compliance with Defendant's contribution obligations to the Fringe Benefit Funds under the CBA.

11. Wilson-McShane Corporation conducts periodic payroll audits on behalf of the Health Fund, Pension Plan, and Pipe Trades Services to determine whether employers are making contributions in compliance with the CBA. Wilson-McShane Corporation conducted an audit of Defendant's records and that audit covered the time period from January 2015 – September 2017.

12. The audit revealed that Defendant owes a total amount of $77,903.87 in delinquent contributions to the Health Fund, $89,239.05 in delinquent contributions to the Pension Plan, and $55,865.81 in delinquent contributions to Pipe Trades Services. Defendant was invoiced for those delinquent contributions in June 2018 following the audit.

13. Despite demand, Defendant has failed to remit payment for the delinquent contributions as invoiced following the audit.

14. Pursuant to the Trust Agreement and Collection Policy for the Health Fund, Defendant owes liquidated damages in the amount of twenty percent (20%) of the contributions due and owing, plus interest, costs of the audit, and costs and attorney fees incurred to collect such delinquency. The total amount owed to the Health Fund in delinquent contributions and liquidated damages equals $93,484.64.

15. Pursuant to the Trust Agreement and Collection Policy for the Pension Fund, Defendant owes liquidated damages in the amount of twenty percent (20%) of the contributions due and owing, plus interest, costs of the audit, and costs and attorney fees incurred to collect such

delinquency. The total amount owed to the Pension Plan in delinquent contributions and liquidated damages equals $107,086.86.

16. Pursuant to the Trust Agreement for the Annuity Fund, Defendant owes liquidated damages in the amount of ten percent (10%), plus interest, legal fees and costs incurred in this action. The amount owed to Pipe Trades Services (Annuity Fund) in delinquent contributions and liquidated damages equals $61,452.39.

17. Pursuant to the information discovered during the audit and the wage rates contained in the CBA, Defendant also owes the Apprenticeship Fund a total amount of $7,980.83 in delinquent contributions. The Trust Agreement establishing the Apprenticeship Fund provides that a delinquent employer shall be subject to liquidated damages of an additional ten percent (10%) of the amount due, plus interest and all costs and reasonable attorney's fees incurred in connection with the delinquency. The total amount owed to the Apprenticeship Fund in delinquent contributions and liquidated damages equals $8,778.91.

18. Added together, Defendant owes a total amount of $270,802.80 in delinquent contributions and liquidated damages to the Fringe Benefit Funds.

19. Pursuant to the CBA, the Trust Agreements and Collection Policies of the Fringe Benefit Funds, and § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant owes the Fringe Benefit Funds a combined amount of $270,802.80, plus interest, costs of the audit, costs and attorneys' fees incurred in this action, and any other reasonable expenses of collection.

## COUNT II

### BREACH OF CBA – LMRA (29 U.S.C. § 185(a))

20. All preceding paragraphs are incorporated herein.

21.     Members of the Union employed by Defendant have signed voluntary checkoff authorizations permitting Defendant to deduct union dues from their wages. The amounts payable as union dues are referred to in the CBA as "Working Assessment" and "Building Fund."

22.     The CBA requires the Employer to deduct from the employees' weekly wages union dues and remit such sums to the Union.

23.     The CBA also requires the Employer to make payments into a "Savings Plan," which is an after-tax per hour contribution into a savings account established at a local financial institution on behalf of each member of the Union employed by the Defendant.

24.     Defendant failed to remit amounts for union dues during the period covered by the audit. Moreover, Defendant failed to remit amounts due to the "Savings Plan" for deposit in the Union members' individual savings accounts. The total amount owed by Defendant to the Union for union dues and to Union members for wages for deposit in their individual savings accounts for the time period covered by the audit equals $30,027.96. Defendant's failure to remit such amounts constitutes a breach of the CBA.

25.     The CBA provides that the Union shall have all rights afforded to it by law to remedy breach of the CBA, in addition to, and in no way limited by, the grievance and arbitration procedure. The Union brings this action under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to remedy this breach of the CBA.

26.     The CBA further provides that, in the event of default of an employer in making the required contributions, the Union may take legal action in order to effectuate collection of the amounts owed. As a signatory to the CBA, Defendant agreed to pay interest at the highest

applicable bank rate allowed on any wages or other payments in default, plus all actual collection costs, including reasonable attorney's fees.

27. Due to Defendant's breach of the CBA, Defendant is liable to the Union under Section 301 of the LMRA in the amount of $30,027.96, plus interest and all costs of collection, including attorney's fees.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. The Fringe Benefit Funds pray for judgment against Defendant in the amount of $270,802.80, plus interest, costs of the audit, and reasonable attorneys' fees and costs of collection.

2. The Union prays for judgment against Defendant in the amount of $30,027.96, plus interest, costs and attorneys' fees.

3. All Plaintiffs pray for such further relief as the Court may deem proper and just.

Dated this 7th day of November 2018                ANDREW, BRANSKY & POOLE, P.A.

s/ Jane C. Poole
Jane C. Poole, #0391069
302 West Superior Street, Suite 300
Duluth, MN 55802
Telephone: (218) 722-1764
Fax: (218) 722-6137
jpoole@duluthlawfirm.com

Attorneys for Plaintiffs